JOHN WEIR *vs*. THE STATE OF MARYLAND.

*Appeal under the Act of* 1872, *ch.* 316.

The making of the oath by the counsel for the accused, as required by the Act of 1872, ch. 316, that the appeal is not taken for delay, is a condition precedent to the right of appeal in such case, and to the jurisdiction of the Court of Appeals to hear and determine the questions presented by the exceptions; and the fact that such oath was made must appear in the transcript of the record transmitted to the appellate Court.

APPEAL from the Circuit Court for Allegany County.

The appellant was indicted, tried and convicted for selling lager beer to a minor. The case is further stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER and ROBINSON, J.

No appearance for the appellant.

*Attorney General Syester*, for the appellee.

MILLER, J., delivered the opinion of the Court.

This appeal was taken under the Act of 1872, ch. 316, by the traverser in a criminal prosecution, for the purpose

Weir *vs.* State.

of enabling this Court to review certain rulings of the Court below, upon the admissibility of evidence and other matters, to which exceptions were taken and embodied in the record. The Attorney General has moved to dismiss the appeal upon the ground that it does not appear that the oath required by that Act, that the appeal was not taken for delay, was ever made by the counsel for the accused. This motion must be sustained. By the Act in question, the making of this oath by the *counsel* for the accused, is made a *condition precedent* to the right of appeal in such cases, and to the *jurisdiction* of this Court to hear and determine the questions presented by the exceptions, and the fact that such oath was made must appear in the transcript of the record transmitted to this Court. To such cases, that part of the seventh rule regulating appeals, adopted by the Judges of this Court under the provisions of the Constitution, which requires the clerks of the several Courts in making up the transcripts of records to omit " affidavits filed on taking appeals," has no application.

*Appeal dismissed.*

(Decided 6th February, 1874.)